IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Agustin Pedro Nicolas Agustin, | No. CV-26-00209-PHX-RM (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner initiated this action on January 13, 2026, challenging his immigration detention. A district court in the Central District of California recently certified a class that includes Petitioner.[1] *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Fed. R. Civ. P. 54(b), declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal. Dec. 18, 2025). In their response to the Court's January 14, 2026 Order, Respondents

---

[1] The "Bond Eligible Class" certified in *Bautista* is defined as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista v. Santacruz*, --- F.R.D. ---, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 7 at 6.) Pursuant to that judgment, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within seven days. But in the alternative, the Court's review of the Petition confirms he is entitled to relief regardless of *Bautista*, and the Court grants relief based on its independent view that Petitioner's detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven (7) days** of the date this Order is filed or release Petitioner from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing him a bond redetermination hearing.

4. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

Dated this 22nd day of January, 2026.

_____
Honorable Rosemary Márquez
United States District Judge